# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALTAPURE, LLC, | |
| Plaintiff, | |
| v. | No. 12 C 2271 |
| | Judge James B. Zagel |
| REED SMITH, LLP, | |
| Defendant. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Altapure, LLC ("Altapure"), a Wisconsin limited liability corporation, brought suit in the Circuit Court of Cook County, Illinois against Defendant Reed Smith, LLP ("Reed Smith"), a Delaware limited liability partnership, alleging breach of contract and professional negligence on the part of Reed Smith. In its complaint, Altapure states that Reed Smith, a law firm, was hired to prosecute patents in the U.S. and internationally for a product invented by Altapure. Altapure further alleges that as a result of negligent conduct by Reed Smith, it has been precluded from securing patent protection for its invention in any jurisdiction outside the United States.

Reed Smith timely removed this suit to the Northern District of Illinois, Eastern Division and Altapure has now moved to remand the case back to Cook County pursuant to 28 U.S.C. § 1447. For the reasons to follow, the motion to remand is granted. Altapure's request for costs and fees is denied. The suit is remanded to the Circuit Court of Cook County, Law Division, and the federal case is to be terminated.

I.        Background

On August 26, 2005, Plaintiff Altapure filed with the United States Patent and Trademark Office (USPTO) a provisional patent application for its recently invented aerosol transducer. Stated briefly, this transducer allows a broader range of use for a number of industries by incorporating a protective barrier of a particular width bonded directly to the face of the transducer.

On or about July 5, 2006, Altapure sought the services of Reed Smith to pursue the preparation and filing of a non-provisional patent in the U.S. and to obtain patent protection abroad for its transducer.  Specifically, Altapure desired patent protection with the European Patent Office, a process which requires application via the Patent Cooperation Treaty (PCT).

On August 24, 2006, Reed Smith filed patent applications on behalf of Altapure with the USPTO and under the PCT.  On March 18, 2008, the USPTO denied the U.S. patent application as a result of indefiniteness and/or lack of specificity, and two days later the PCT patent application was denied for similar reasons.  By the beginning of 2010, Altapure was able to receive patent protection in the U.S. for its transducer through the help of another law firm, but has since been unable to secure patent protection abroad, specifically in the European market it desired to enter.

On January 3, 2012, Altapure filed suit against Reed Smith in the Circuit Court of Cook County, Illinois for breach of contract and professional negligence.  In particular, each cause of action alleges that Altapure was unable to secure patent protection abroad as a result of Reed Smith's negligent conduct related to the drafting and/or filing of the PCT patent application. Reed Smith timely removed the suit to this court, and Altapure promptly moved to remand.

While many of the facts and details surrounding the merits of the case remain in dispute, the merits of the case need not be determined at this time.

II.      Standard of Review

When a party believes that the district court lacks subject matter jurisdiction over a case removed from state court, that party may move to remand the case pursuant to § 1447, which permits the court to send the case back to state court should it determine that subject matter jurisdiction is not present.  28 U.S.C § 1447.  In these instances, the burden is on the party seeking removal, not the moving party, to show by a preponderance of the evidence that the court has subject matter jurisdiction over the suit.  *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976); *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011).

III.     Discussion

A.

A defendant may remove to federal district court a civil suit filed in state court so long as the district court has original jurisdiction.  28 U.S.C. § 1441.  Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir.1982).

District courts have original jurisdiction over any civil action arising under any act of Congress relating to patents.  28 U.S.C. § 1338(a).  Similar to § 1331, the well-pleaded complaint rule applies when determining whether the party seeking removal under § 1338 has met their burden.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).  In these instances, the Supreme Court has held:

> § 1338(a) jurisdiction . . . extend[s] only to those cases in which a
> well-pleaded complaint establishes either that federal patent law

3

creates the cause of action or that the plaintiffs right to relief
necessarily depends on resolution of a substantial question of federal
patent law, in that patent law is a necessary element of one of the
well-pleaded claims. *Christianson,* 486 U.S. at 808-09.

In order to determine whether § 1338 jurisdiction exists, it must first be determined

whether Altapure's well-pleaded complaint raises a question of federal patent law. *Christianson,*

486 U.S. at 809. This is determined from "what necessarily appears in the plaintiff's statement

of his own claim in the bill or declaration, unaided by anything alleged in anticipation or

avoidance of defenses which it is thought the defendant may interpose." *Id.* If the well-pleaded

complaint presents multiple theories supporting a claim, that claim "may not form the basis for §

1338(a) jurisdiction unless patent law is essential to each of those theories." *Davis v. Brouse*

*McDowell, L.P.A.*, 596 F.3d 1355, 1359 (Fed. Cir. 2010). In addition, issues primarily regarding

foreign patent rights are not generally considered to raise a "substantial" question of U.S. patent

law. *Davis*, 596 F.3d at 1360; *Caldera Pharms., Inc. v. Regents of Univ. of Cal.*, No. 11 C 7259,

2012 WL 1658306 (N.D. Ill. May 11, 2012).

In *Davis*, the plaintiff filed a malpractice suit against her attorney alleging failure to

timely file a foreign patent application under the PCT as well as failure to properly prepare and

file U.S. applications. *Davis,* 596 F.3d at 1357-59. In determining whether jurisdiction existed

under § 1338(a), the court stated that the "allegations relating to the PCT applications do not

raise any issue of U.S. patent law." *Id.* at 1360. The court ultimately came to the conclusion that

§ 1338(a) jurisdiction existed since the plaintiff had alleged an additional cause of action

relating directly to U.S. patent law. *Id.* at 1362.

Similarly in *Caldera,* the plaintiff brought claims under state law for breach of contract,

fraud, breach of implied covenant of good faith and fair dealing, and fraudulent inducement.

*Caldera Pharms., Inc. v. Regents of Univ. of Cal.*, No. 11 C 7259, 2012 WL 1658306 (N.D. Ill. May 11, 2012). Each count rested on the "alleged failure to file timely foreign patent applications" as a theory of relief, and no causes of action were brought relating directly to U.S. patent law. *Id.* The court accepted the ruling in Davis and determined that actions brought pursuant to the PCT do not raise a substantial question of U.S. patent law. *Id.*

To the extent that the PCT does not give rise to § 1338(a) jurisdiction, I am in agreement with the decisions in *Davis* and *Caldera*. Altapure filed state law claims for breach of contract and professional negligence, neither of which is based on a violation of U.S. patent law. Under each count, Altapure alleged six alternative theories of liability. Each theory explicitly references the PCT and does not make any mention of U.S. patent law.

Reed Smith argues that under the "suit within a suit" doctrine, Altapure will have to make its case by first proving deficiencies with the U.S. patent application. In order to succeed on a legal malpractice action, Illinois law requires the plaintiff to "establish what the result would have been in the underlying action which was improperly litigated by the plaintiff's former attorney," or in other words the plaintiff must litigate a "suit within a suit." *Eastman v. Messner*, 721 N.E.2d 1154, 1158 (Ill. 1999). Therefore in order to succeed in this case, Altapure will have to show that as a result of Reed Smith's negligence when drafting and/or filing the PCT patent application, the PCT patent application failed. While, as Reed Smith suggests, Altapure might demonstrate proof of negligence by relying on the alleged deficient drafting of the U.S. patent application, Altapure is not constrained solely to this route. To the contrary, Altapure may also demonstrate negligence directly relatable to the drafting and/or filing of the PCT patent application. Furthermore, though Reed Smith may try to assert an issue of federal patent law

5

which it predicts Altapure will dispute, § 1338 jurisdiction cannot arise through "anything alleged in anticipation or avoidance of a defense" to a claim. *Christianson,* 486 U.S. at 809.

Defendant Reed Smith also cites several cases of malpractice claims involving patent prosecution where the motion to remand was denied. However, none of these cases dealt with the prosecution of patents under the PCT, and therefore have little applicability to the present action. See *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007); *Weather Cent., Inc. v. Reinhart Boerner Van Deuren, S.C.*, 08-CV-582-BBC, 2009 WL 367694 (W.D. Wis. Feb. 10, 2009); *Minkin v. Gibbons, P.C.*, No. 2011-1178, 2012 WL 1560406 (Fed. Cir. May 4, 2012).

B.

Altapure asks for costs and fees to pay for the resources expended on this motion. Attorneys' fees will only be awarded if the defendant "lacked an objectively reasonable basis for seeking removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007).

In the present case, the parties disputed at length over what issues can arise under U.S. patent law. As Reed Smith has indicated in its arguments, there are a number of cases in this general area of law where federal question jurisdiction exists and where remand was denied. In addition, the Seventh Circuit has yet to be presented with jurisdictional issues regarding the PCT, leaving further ambiguity as to what extent PCT patent issues raise a question of federal law in this circuit. Accordingly, I find that Reed Smith's decision to remove this case is not objectively unreasonable, and Altapure's request for costs and fees is denied.

IV.     Conclusion

        For the foregoing reasons, Altapure's motion to remand is granted.  Altapure's request for

costs and fees is denied.  The suit is remanded to the Circuit Court of Cook County, Law

Division, and the federal case is to be terminated.


                                                ENTER:


                                                _____
                                                James B. Zagel
                                                United States District Judge

        DATE:  July 3, 2012